JOSEPH EHRLICH - #84359
MARK R. MEYER - #238231
LOSCH EHRLICH & MEYER
750 Battery Street, Suite 700
San Francisco, California 94111
Telephone:  (415) 956-8400
Email:       je@losch-ehrlich.com
             mm@losch-ehrlich.com

Attorneys for Defendant
Mai Family Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Whitaker,<br><br>    Plaintiff,<br><br>    v.<br><br>Mai Family Corporation;<br>Ken Wei and Chiayu J. Wei, Trustees of the Ken G. and Chiayu J. Wei 2012 Revocable Family Trust,<br>dated May 22, 2012;<br>Douglas Wertheimer and Beth A. Mitchner, Trustees of the Mitchner Wertheimer Revocable Trust dated October 14, 2014; and<br>Daniel Rabb and Alison Rabb, Trustees of the Rabb Family Trust dated August 6, 2014,<br><br>    Defendants. | Case No. 4:21-cv-06411-KAW<br><br>**Defendant Mai Family Corporation's Answer to First Amended Complaint For Damages And Injunctive Relief For Violations Of: Americans With Disabilities Act; Unruh Civil Rights Act**<br>**And Crossclaim** |

Defendant Mai Family Corporation ("Answering Defendant" or "Responding Party") answers the allegations of the Complaint filed by Plaintiff Brian Whitaker ("Complaining Party") (the "Complaint") as to each paragraph as follows:

1. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Answering Defendant admits.

3. Answering Defendant admits.

4. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
5. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
6. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
7. Admitted.
8. Admitted.
9. Admitted.
10. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
11. Admitted the business is a business establishment providing services to the public. Otherwise, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
12. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
13. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
14. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
15. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
16. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
17. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
18. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

19. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
20. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
21. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
22. Answering Defendant denies that, to the extent barriers existed or continue to exist, all barriers are easily removed without much difficulty or expense.  The allegation is otherwise insufficiently clear to allow further admission or denial; otherwise, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.
23. Denied.
24. Denied.
25. Allegation is not a factual allegation but incorporation of prior allegations. Responses to each are incorporated.
26. Allegation is not a factual assertion but legal assertion.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation.
27. Allegation is not a factual assertion but legal assertion.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation.
28. Allegation is not a factual assertion but legal assertion.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation.
29. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation.
30. Allegation is not a factual assertion but legal assertion.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegation.

31. Allegation is not a factual assertion but legal assertion.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation.

32. Allegation is not a factual allegation but incorporation of prior allegations.  Responses to each are incorporated.  Further allegations are not factual assertions but legal assertions.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation.

33. Allegation is not a factual assertion but legal assertion.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation.

## **AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Failure to State a Cause of Action.  The Complaint, and each cause of action thereof, does not state facts sufficient to constitute a cause of action against each Responding Party.

**Second Affirmative Defense**

Standing.  Responding Party alleges Complaining Party is not the real party in interest and/or lacks standing to bring suit.

**Third Affirmative Defense**

Capacity.  Responding Party alleges Complaining Party does not have the legal capacity to bring suit in this action.

**Fourth Affirmative Defense**

Necessary or Indispensable Parties.  Responding Party alleges the Complaint and each cause of action is barred as a result of the failure to name and serve necessary or indispensable parties.

**Fifth Affirmative Defense**

Time Barred.  Responding Party alleges that the Complaint and each cause of action

set forth therein is barred by provisions of Code of Civil Procedure section 335 et seq. and/or the equitable doctrines of laches.

**Sixth Affirmative Defense**

Assumption of Risk; Voluntary Conduct. Responding Party alleges the Complaint and each cause of action set forth therein is barred on the ground that Complaining Party voluntarily and knowingly entered into and engaged in the conduct alleged in the Complaint and voluntarily and knowingly assumed all of the risks incident to said conduct at the time and place mentioned in this Complaint.

**Seventh Affirmative Defense**

Failure to Mitigate. Responding Party alleges the Complaint and each cause of action set forth therein is barred on ground that the Complaining Party may not recover damages that could have been avoided if reasonable and appropriate mitigation efforts within the Complaining Party's means had been taken.

**Eighth Affirmative Defense**

Estoppel. Responding Party alleges the Complaint and each cause of action set forth therein is barred by the doctrine of estoppel. Through false language or conduct, Complaining Party is estopped to assert any fact or cause of action on the ground that Responding Party has relied to its prejudice upon Complaining Party's representations or conduct.

**Ninth Affirmative Defense**

Unclean Hands; One Who Seeks Equity Must Do Equity. Responding Party alleges the Complaint and each cause of action set forth therein is barred by the doctrine of unclean hands and the doctrine that a party seeking equitable relief must do equity. Complaining Party has failed to do equity in the matters alleged in the Complaint, and any recovery by Complaining Party must be diminished or barred by reason thereof.

**Tenth Affirmative Defense**

Fraud. Responding Party alleges each cause of action is barred on the ground that Complaining Party or others committed fraud in relations to the matters sued upon.

**Eleventh Affirmative Defense**

Contributory or Comparative Negligence or Fault.  Responding Party alleges Complaining Party and other persons' carelessness, negligence, or other wrongful conduct caused or contributed to any incident, injuries, loss, or damages complained of, if any, and such acts or omissions bar or reduce Responding Party's liability.

**Twelfth Affirmative Defense**

Comparative Indemnification.  Responding Party alleges that Complaining Party and other persons—whether or not parties to this action—carelessly, negligently, or intentionally proximately caused or contributed to the happening of the injury, loss, or damages complained of, if any, and any damages awarded must be apportioned among such persons or entities, whether or not they are parties, in proportion to any amount attributable to such other persons or entities.

**Thirteenth Affirmative Defense**

Contractual Indemnification.  Responding Party alleges that the Complaint and each cause of action are barred on the ground that Complaining Party explicitly or implicitly agreed to indemnify or hold harmless Responding Party for the alleged injury, loss, or damages.

**Fourteenth Affirmative Defense**

Unauthorized Conduct.  Responding Party alleges the Complaint and each cause of action is barred on the ground that the acts complained of were performed by a person without the authority to act upon behalf of Responding Party.

**Fifteenth Affirmative Defense**

Removal of Barrier not readily achievable.  Responding Party alleges that part or all of the barriers alleged in the Complaint have existed prior to 1991 and cannot be removed easily without much difficulty or expense.

**Sixteenth Affirmative Defense**

Civil Code section 55.54.  Responding Party alleges that Complaining Party has, in whole or part failed to comply with California Civil Code section 55.54, and/or

Responding Party has complied in whole or part such that Responding Party is entitled to reduction in damages or other remedies provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Responding Party prays for trial by jury and judgment as follows:

    Complaining Party takes nothing by way of its Complaint;

    Responding Party be awarded costs of suit incurred herein;

    For such other and further relief as the Court deems just and proper.

## **CROSSCLAIM**

Defendant Mai Family Corporation hereby crossclaims against Defendants Ken Wei and Chiayu J. Wei, Trustees of the Ken G. and Chiayu J. Wei 2012 Revocable Family Trust, dated May 22, 2012; Douglas Wertheimer and Beth A. Mitchner, Trustees of the Mitchner Wertheimer Revocable Trust dated October 14, 2014; and Daniel Rabb and Alison Rabb, Trustees of the Rabb Family Trust dated August 6, 2014 (the "Complaint") and alleges as follows:

1. Defendant Mai Family Corporation is a defendant in this action.
2. Defendants Ken Wei and Chiayu J. Wei, Trustees of the Ken G. and Chiayu J. Wei 2012 Revocable Family Trust, dated May 22, 2012; Douglas Wertheimer and Beth A. Mitchner, Trustees of the Mitchner Wertheimer Revocable Trust dated October 14, 2014; and Daniel Rabb and Alison Rabb, Trustees of the Rabb Family Trust dated August 6, 2014 (hereafter "Defendants") are defendants in this action.
3. Defendants are owners or lessors of 2291 Chestnut St., San Francisco, California.
4. On October 15, 2021, Plaintiff Brian Whitaker filed a First Amended Complaint in this action alleging violations of the Americans With Disabilities Act and Unruh Civil Rights Act.
5. The court has supplemental jurisdiction of this crossclaim because it arises out of the same transactions and occurrences alleged in Plaintiff's Complaint.
6. Mai Family Corporation is entitled to contribution toward or indemnity from Defendants for part or all of any liability or damages that may be found to exist to Plaintiff in this Action.
7. Defendants are wholly or partly responsible for the injuries and damages alleged by Plaintiff in the Complaint.
8. Defendants are a substantial proximate cause of Plaintiff's injuries and damages, if any. Therefore, under general equitable principles and/or the law of contractual indemnity, Mai Family Corporation is entitled to indemnity, or in the alternative, to contribution from cross-defendants for their respective share of the responsibility

for the injuries or damages to Plaintiff as determined by a trier of fact.

Dated: 11/18/2021                              Respectfully submitted,

                                                          LOSCH EHRLICH & MEYER

                                                          By: /s/ Joseph Ehrlich
                                                                Joseph Ehrlich
                                                                Mark R. Meyer
                                                                Attorneys for Defendant
                                                                Mai Family Corporation