JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK (Bar No. 083908)
*morlick@jmbm.com*
STUART K. TUBIS (Bar No. 278278)
*skt@jmbm.com*
CHRISTOPHER WHANG (Bar No. 316916)
*Cwhang@jmbm.com*
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3813
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for Defendants Ken Wei, Chiayu J. Wei, Trustees of the Ken G. and Chiayu J. Wei 2012 Revocable Family Trust, dated May 22, 2012; Douglas Wertheimer and Bertha Mitchner, Trustees of the Mitchner Wertheimer Revocable Truste dated October 14, 2014; and Daniel Rabb and Alison Rabb, Trustees of the Rabb Family Trust dated August 6, 2014

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>MAI FAMILY CORPORATION, a California Corporation; KEN WEI and CHIAYU J. WEI, Trustees of the Ken G. and Chiayu J. Wei 2012 Revocable Family Trust, dated May 22, 2012; DOUGLAS WERTHEIMER and BETHA. MITCHNER, Trustees of the Mitchner Wertheimer Revocable Trust dated October 14, 2014; and DANIEL RABB and ALISON RABB, Trustees of the Rabb Family Trust dated August 6, 2014,<br><br>    Defendants. | Case No. 4:21-cv-06411-KAW<br><br>**DEFENDANTS KEN WEI AND CHIAYU J. WEI, Trustees of the Ken G. and Chiayu J. Wei 2012 Revocable Family Trust, dated May 22, 2012; DOUGLAS WERTHEIMER and BETHA. MITCHNER, Trustees of the Mitchner Wertheimer Revocable Trust dated October 14, 2014; and DANIEL RABB and ALISON RABB, Trustees of the Rabb Family Trust dated August 6, 2014 ANSWER TO THE AMENDED COMPLAINT** |

Defendants Ken Wei, Chiayu J. Wei, Trustees of the Ken G. and Chiayu J. Wei 2012 Revocable Family Trust, dated May 22, 2012; Douglas Wertheimer and Bertha Mitchner, Trustees of the Mitchner Wertheimer Revocable Trust dated October 14, 2014; and Daniel Rabb and Alison Rabb, Trustees of the Rabb Family Trust dated August 6, 2014 (collectively "Defendants"), for

themselves and no other parties, hereby answer the operative First Amended Complaint (the "Complaint") of Plaintiff Brian Whitaker ("Plaintiff") as follows:

**PARTIES**

1. In answer to Paragraph 1 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations regarding his disability and on that basis deny the allegations of said paragraph.

2. In answer to Paragraph 2 of the Complaint, Defendants admit that Mai Family Corporation owned the New Nails located at or about 2291 Chestnut St., San Francisco, California in August 2021.

3. In answer to Paragraph 3 of the Complaint, Defendants admit that Mai Family Corporation owns the New Nails located at or about 2291 Chestnut St., San Francisco, California, currently.

4. In answer to Paragraph 4 of the Complaint, Defendants Daniel Rabb and Alison Rabb admit that they owned an interest in the property located at 2283 Chestnut Street, San Francisco, California in August 2021, along with Defendants Ken Wei and Chiayu J. Wei, Trustees of the Ken G. and Chiayu J. Wei 2012 Revocable Family Trust, dated May 22, 2012; Douglas Wertheimer and Beth A. Mitchner, Trustees of the Mitchner Wertheimer Revocable Trust dated October 14, 2014.

5. In answer to Paragraph 5 of the Complaint, Defendants Daniel Rabb and Alison Rabb admit that they own an interest in the property located at 2283 Chestnut Street, San Francisco, California currently, along with Defendants Ken Wei and Chiayu J. Wei, Trustees of the Ken G. and Chiayu J. Wei 2012 Revocable Family Trust, dated May 22, 2012; Douglas Wertheimer and Beth A. Mitchner, Trustees of the Mitchner Wertheimer Revocable Trust dated October 14, 2014.

6. In answer to Paragraph 6 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations and on that basis deny the allegations of said paragraph.

**JURISDICTION & VENUE**

7. In answer to Paragraph 7 of the Complaint, Defendants admit that subject matter jurisdiction appears to be proper at this time.

8. In answer to Paragraph 8 of the Complaint, Defendants deny that supplemental jurisdiction is proper at this time.

9. In answer to Paragraph 9 of the Complaint, Defendants admit that venue appears proper at this time.

**FACTUAL ALLEGATIONS**

10. In answer to Paragraph 10 of the Complaint, Defendants lack information and knowledge to form a basis as to Plaintiff's allegations and on that basis deny the allegations of said paragraph.

11. In answer to Paragraph 11 of the Complaint, Defendants admit that portions of the New Nails are, at times, open to the public and considered a business establishment.

12. In answer to Paragraph 12 of the Complaint, Defendants deny the allegations of said paragraph.

13. In answer to Paragraph 13 of the Complaint, Defendants deny the allegations of said paragraph.

14. In answer to Paragraph 14 of the Complaint, Defendants deny the allegations of said paragraph.

15. In answer to Paragraph 15 of the Complaint, Defendants deny the allegations of said paragraph.

16. In answer to Paragraph 16 of the Complaint, Defendants deny the allegations of said paragraph.

17. In answer to Paragraph 17 of the Complaint, Defendants deny the allegations of said paragraph.

18. In answer to Paragraph 18 of the Complaint, Defendants deny the allegations of said paragraph.

19. In answer to Paragraph 19 of the Complaint, Defendants deny the allegations of

said paragraph.

20. In answer to Paragraph 20 of the Complaint, Defendants deny the allegations of said paragraph.

21. In answer to Paragraph 21 of the Complaint, Defendants deny the allegations of said paragraph.

22. In answer to Paragraph 22 of the Complaint, Defendants deny the allegations of said paragraph.

23. In answer to Paragraph 23 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations and on that basis deny the allegations of said paragraph.

24. In answer to Paragraph 24 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations and on that basis deny the allegations of said paragraph.

**FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1991**

(On behalf of Plaintiff and against all Defendants)

(42 U.S.C. Section 12101, et. seq.)

25. In answer to Paragraph 25 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

26. In answer to Paragraph 26 of the Complaint, said paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is necessary, Defendants deny each averment contained in said paragraph.

27. In answer to Paragraph 27 of the Complaint, said paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is necessary, Defendants deny each averment contained in said paragraph.

28. In answer to Paragraph 28 of the Complaint, said paragraph contains legal

1  conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent
2  a response is necessary, Defendants deny each averment contained in said paragraph.

3       29.     In answer to Paragraph 29 of the Complaint, said paragraph contains legal
4  conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent
5  a response is necessary, Defendants deny each averment contained in said paragraph.

6       30.     In answer to Paragraph 30 of the Complaint, said paragraph contains legal
7  conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent
8  a response is necessary, Defendants deny each averment contained in said paragraph.

9       31.     In answer to Paragraph 31 of the Complaint, said paragraph contains legal
10 conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent
11 a response is necessary, Defendants deny each averment contained in said paragraph.

12 **SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
13 (On behalf of Plaintiff and against all Defendants)
14 (Cal. Civ. Code Sections 51-53)

15      32.     In answer to Paragraph 32 of the Complaint, Defendants hereby incorporate by
16 reference each admission, denial, and each denial on information and belief, as well as all
17 explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as
18 though fully set forth herein.

19      33.     In answer to Paragraph 33 of the Complaint, said paragraph contains legal
20 conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent
21 a response is necessary, Defendants deny each averment contained in said paragraph.

22      34.     In answer to Paragraph 34 of the Complaint, said paragraph contains legal
23 conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent
24 a response is necessary, Defendants deny each averment contained in said paragraph.

25      35.     In answer to Paragraph 35 of the Complaint, said paragraph contains legal
26 conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent
27 a response is necessary, Defendants deny each averment contained in said paragraph.

28      36.     Defendants deny Plaintiff's entitlement of relief sought in the Complaint's "Prayer"

Section.

37. Any allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

### FIRST AFFIRMATIVE DEFENSE

### (Statutes Of Limitations)

1. Defendants allege upon information and belief that the Complaint as a whole, and each cause of action asserted therein, are barred by the expiration of the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

2. Although Defendants deny Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendants allege, based on information and belief, that Plaintiff intentionally elected to encounter the alleged barriers and has failed to mitigate the purported damages and further allege, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

### (Reasonable Portion Of Facility Accessible)

3. Defendants are informed and believes and thereon alleges that the facility does not violate any codes, laws, regulations or provisions alleged in Plaintiff's Complaint by reason that a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by Plaintiff and other persons with disabilities.

### FOURTH AFFIRMATIVE DEFENSE

### (Defendants' Good Faith Reliance On Municipal Permits/Vested Rights)

4. Defendants allege, at all times relevant to the Complaint, Defendants have acted on good faith interpretations of disabled access laws and provisions and approvals and building permits issued by governmental agencies regarding disabled access elements of the Subject Property, which preclude or limit any recovery by Plaintiff based on the allegations of the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

5. Defendants allege, at all times relevant to the Complaint, that equivalent facilitations, both in terms of policies, practices and procedures, and provisions of auxiliary aids and services, were available to Plaintiff, as well as other similarly situated disabled individuals, which provide full and equal access to the facility. Defendants' business does not violate any law, code, regulation, guideline or provision and accommodations normally sought and used by the public are accessible to and useable by persons with disabilities. *See* ADAS § 2.3 (equivalent access) and 28 C.F.R. 36.402 (readily accessible to the maximum extent feasible).

## SIXTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

6. Defendants allege Plaintiff's recovery in this action is barred because Defendants' acts or omissions, as alleged in the Complaint, to the extent Defendants committed any acts or omissions at all, were done in good faith reliance on validly issued building permits and a properly issued Certificate of Occupancy, pursuant to reasonable business justifications and do not constitute acts or omissions resulting in any discrimination against disabled persons or anyone else.

## SEVENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Deviations)

7. Defendants allege Plaintiff's Complaint as a whole, and the claims for relief contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de minimis* deviations from state or federal access laws, codes, regulations or guidelines or are within construction tolerances. *Cherry v. City College of San Francisco*, 2006 WL 6602454 at *5-6 (N.D. Cal. January 12, 2006) (recognizing the ADA's allowance of reasonable variances and equivalent facilitations).

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack Of Standing For Injunctive Relief)

8. Defendants allege that Plaintiff lacks standing to seek injunctive relief regarding

alleged barriers as Plaintiff, a resident of Los Angeles, California, has filed over 1,500 ADA lawsuits, was not injured by encountering any alleged barriers (if he actually visited the premises), never intended to patronize the subject nail salon and has no genuine intent to return to the premises.   Any such barriers are unrelated to and do not impact Plaintiff's alleged disability, to the extent Plaintiff suffered any injury in fact.  Defendants allege Plaintiff's prayer for injunctive relief is barred on the grounds the alleged harm Plaintiff seeks to enjoin is  entirely speculative and Plaintiff lacks standing to assert same.

### NINTH AFFIRMATIVE DEFENSE
### (Standing-No Injury In Fact)

9. Defendants allege Plaintiff lacks standing because Plaintiff failed to suffer any injury in fact, and that Plaintiff failed to suffer an actual or imminent injury as required by applicable law.

### TENTH AFFIRMATIVE DEFENSE
### (Not Readily Or Likely Achievable)

10. Defendants allege any further action by Defendants to ensure that no individual with a disability is excluded, denied services, or otherwise treated differently, would result in a fundamental alteration of its business, is not technically feasible, or is not structurally readily achievable.  Defendants do not assert the affirmative defense of financial ready achievability in this Action.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Request Modification to Policies, Practices, or Procedures)

11. Defendants allege that Plaintiff is unable to obtain injunctive relief regarding changes to Defendant's policies, practices, or procedures because Plaintiff failed to plead that Plaintiff requested of Defendants any specific and reasonable modification to a policy, practice or procedure as required by relevant law to obtain such relief and/or that Defendants declined the request. *See PGA Tour, Inc. v. Martin,* 532 US 661, 683 fn. 38 (2001); *Anderson v. Ross Stores*, 2000 U.S. Dist. LEXIS 15487 (N.D. Cal. 2000).

### TWELFTH AFFIRMATIVE DEFENSE

### (Tenant's Right to Quiet Enjoyment)

12. Defendants assert that pursuant to the Lease with Mai Family Corporation, said Defendants have conveyed to tenant the right to quiet enjoyment and having done so, they no longer have the right to control and are not responsible for the issues that may be present at the New Nails.

**WHEREFORE**, Defendants pray:

1. That Plaintiff's Complaint be dismissed;
2. That Plaintiff take nothing by reason thereof;
3. That judgment be entered in favor of Defendants;
4. That Defendants be awarded their attorneys' fees and costs of suit; and
5. For such other and further relief as the Court deems just and proper.

DATED: December 9, 2021

JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK
STUART K. TUBIS
CHRISTOPHER WHANG

By: _____
Martin H. Orlick
Attorneys for Defendants Defendants Ken Wei, Chiayu J. Wei, Trustees of the Ken G. and Chiayu J. Wei 2012 Revocable Family Trust, dated May 22, 2012; Douglas Wertheimer and Bertha Mitchner, Trustees of the Mitchner Wertheimer Revocable Truste dated October 14, 2014; and Daniel Rabb and Alison Rabb, Trustees of the Rabb Family Trust dated August 6, 2014